By: Richard DiTomaso, Esq.
DITOMASO LAW
901 Route 38
Cherry Hill, New Jersey 08002
(856) 414-0010
Attorney for Plaintiff, GREGORY T. DURHAM

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **GREGORY T. DURHAM,**<br><br>**PLAINTIFF**<br><br>**V.**<br><br>**AIRBNB, INC., 8V MD, LLC, KELLER WILLIAMS CAPITAL PROPERTIES , NATHAN JOHNSON AND CINDI JOHNSON**<br><br>**DEFENDANTS.** | CIVIL ACTION NO.<br><br>COMPLAINT<br>AND JURY TRIAL DEMAND |

Plaintiff, GREGORY T. DURHAM, by way of complaint against the Defendants, states as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff, GREGORY T. DURHAM, resides at 138 Station Avenue, Woodbury, New Jersey 08096. As such, he is a citizen of the State of New Jersey.

2. Defendant, AIRBNB, INC., is a Delaware Corporation, with its principal place of business located at 888 Brannan Street, San Francisco, CA 94103. As such, Defendant AIRBNB, INC. is deemed a citizen of both Delaware and California for purposes of diversity jurisdiction.

3. Defendant 8V MD, LLC, is a Maryland Corporation, with its principal place of business at 3052 Averly Road, Ijamsville, MD 21754, and is the owner of the subject property, 13465 Madison Ave., Ocean City, MD 21842.

4. Defendant KELLER WILLIAMS CAPITAL PROPERTIES, has principal places of businesses in Maryland, Virginia and the District of Columbia, with an address of 4031 University Dr., Suite 500, Fairfax, VA 22030.

5. Defendant NATHAN JOHNSON, is a realtor with Defendant KELLER WILLIAMS CAPITAL PROPERTIES, and resides at 3052 Averly Road, Ijamsville, Maryland 21754.

6. Defendant, CINDI JOHNSON, is the wife of Defendant Nathan Johnson, and is believed to reside at 3052 Averly Road, Ijamsville, MD 21754.

7. Based on the foregoing, the Parties are completely diverse pursuant to 28 U.S.C. § 1332, et. seq., and thus diversity jurisdiction is proper.

8. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs and plaintiff and defendants are citizens of different states.

9. This Court has personal jurisdiction over this matter, as the Defendants entered into a contract with a New Jersey resident for the rental of 13465 Madison Ave., Ocean City, MD 21842, and the Plaintiff was an intended beneficiary of the contract.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (a) and (c).

## FACTUAL BACKGROUND

11. On or about September 23, 2023, Jennifer Frantzen, who resides in New Jersey, and who was the Plaintiff's then girlfriend, responded to an AIRBNB advertisement, hosted by Defendant NATHAN JOHNSON, for the rental of 13465 Madison Avenue, Ocean City, MD 21842 (hereinafter "The Rental").

12. On or about November 9, 2023, Defendant NATHAN JOHNSON, through the AirBnb listing, entered into a contract with a New Jersey resident, Jennifer Frantzen, for The Rental for the dates of November 10, 2023 to November 13, 2023, for a total of nine guests, one of which was the Plaintiff, GREGORY T. DURHAM at a cost of $694.40.

13. Plaintiff was an invitee guest of The Rental property owned, operated, supervised, managed and controlled by Defendants.

14. Plaintiff arrived on The Rental property on November 10, 2023, a Friday and was to stay the entire weekend pursuant to the rental agreement between Defendant Nathan Johnson and Jennifer Frantzen.

15. The Rental property contained a hot tub with fabricated stairs without a railing entering into the hot tub on the back deck of the property.

16. The back deck of the Rental had no lighting in the area of the hot tub such that it was pitch black when the sun was not shining.

17. The only lights on the back deck of the Rental were on the opposite side of the hot tub.

18. On or about November 12, 2023, Plaintiff entered the hot tub on the back deck of The Rental at dusk while it was still day light.

19. After some time, the sun had set, and it became pitch black in the area of the hot tub.

20. Plaintiff attempted to get out of the hot tub, but could not see the last stair on the fabricated steps leading down from the hot tub, missed it and sustained severe and devastating injuries, requiring surgery and hardware.

21. Plaintiff's injuries included, but were not limited to, an Intertrochanteric fracture of the left hip, requiring an open reduction internal fixation, which included intermedullary rodding of the left hip using interchanteric-subtrochanteric nails.

22. Plaintiff's injuries required extended hospitalization, physical therapy, and resulted in significant scarring and permanent disability with a limp, and require further treatment in the future, which may include a hip replacement..

23. At all times relevant hereto, Defendants, NATHAN JOHNSON and CINDI JOHNSON, were acting as agent, servant, and/or employee with Defendants AIRBNB, INC., 8V MD, LLC, AND KELLER WILLIAMS CAPITAL PROPERTIES, such that the acts of NATHAN JOHNSON and CINDI JOHNSON, are hereby imputed vicariously to the named Defendants herein.

24. At all times relevant hereto, Defendants NATHAN JOHNSON and CINDI JOHNSON, individually and on behalf of AIRBNB, INC., 8V MD., LLC, AND KELLER WILLIAMS CAPITAL PROPERTIES, owned, controlled, managed, maintained, operated, supervised, constructed and allowed for the existing property condition at The Rental, which included the exterior deck, its lighting, hot tub stairs and hot tub itself for invitee guests, which included Plaintiff, in furtherance of rental agreements through AIRBNB, Inc.

**COUNT ONE - NEGLIGENCE**
**AS TO ALL DEFENDANTS**

25. Plaintiffs hereby repeat and re-allege each and every allegation set forth in paragraphs 1-24 as if each were set forth in detail herein.

26. At all times relevant herein, Defendants, had a duty to maintain and keep the Rental in a safe condition to prevent foreseeable injuries to its guests, which included proper exterior lighting that illuminated the back deck and provide for safe, visible ingress and egress from the deck hot tub for its invited guests.

27. At all times relevant herein, the Defendants, knew or should have known that the deck had extremely poor areas of illumination during the night time hours and that it was foreseeable for guests to use the hot tub at night.

28. At all times relevant herein, the Defendants owned, controlled, managed, maintained, operated, supervised, constructed and allowed for the existing property condition at the Rental, such that there was extremely poor and pitch black conditions at night surrounding the hot tub, and that it was foreseeable that guests would be using the hot tub during these hours.

29. At all times relevant herein, the Defendants, owned, controlled, managed, maintained, operated, supervised, constructed and allowed for the existing property condition at the Rental, such that there was inadequate ingress and egress from the hot tub, particularly because of the poor lighting conditions, the stairs were not equipped with a handrail, were not fixated and allowed for a deceptive condition and hazard to exist for unknowing guests.

30. At all times relevant herein, the Defendants created and/or maintained a dangerous condition at The Rental with respect to the deck, hot tub and stairs, failed to inspect said premises and/or property for the existence of a hazardous condition, failed to warn of said dangerous condition and otherwise breached the duty they owed to plaintiff to maintain a safe and hazard free environment at The Rental.

31. At all times relevant herein, the Defendants were negligent, careless and reckless in that they failed to exercise due care, proper control and supervision over The Rental, the deck, stairs and hot tub for its invited guests.

32. The accident was caused solely by the negligent, careless and reckless actions of the

Defendants at The Rental, which include but are not limited to the following:

(a) Failure to maintain adequate deck lighting in the area of the hot tub;

(b) Failure to maintain safe ingress and egress to and from the hot tub without sufficient lighting;

(c) Creating a dangerous and hazardous condition by placing a hot tub in a non-illuminated area;

(d) Creating a dangerous and hazardous condition by allowing the stair case to the hot tub to be not-fixed and without hand rails;

(e) Failure to warn of the dangerous conditions created by the Defendants

(f) Failure to ensure the safety of invited guests at The Rental;

(g) Being otherwise careless and negligent under the circumstances.

33. Plaintiff's actions in no way contributed to the happening of this accident, such that the Plaintiff was free from all fault.

34. Plaintiffs invoke the doctrines of Res Ipsa Loquitur, Ostensible Agency, and Respondeat Superior, with respect to all DEFENDANTS, NATHAN JOHNSON, CINDI JOHNSON AND their relation to Defendants AIRBNB, INC., 8V MD, LLC, and KELLER WILLIAMS CAPITAL PROPERTIES, such that each is an agent, employee or servant of the other, whose actions are vicariously imputed to the other, respectively.

35. As a sole, direct and proximate result of the aforesaid carelessness, recklessness and negligence of the Defendants, Plaintiff sustained personal injury, both of an internal and external nature, and both temporary and permanent in nature, had endured great pain and suffering and continues to endure great pain and suffering

36. As a further direct and proximate result of the aforesaid careless, recklessness and negligence of Defendants, the Plaintiff suffered extensive injuries, included but not limited to an Intertrochanteric fracture of the left hip, requiring an open reduction internal fixation, which included intermedullary rodding of the left hip using intgerchanteric-subtrochanteric nail.

37. As a further direct and proximate result of the aforesaid careless, recklessness and

negligence of Defendants, Plaintiff's injuries required extended hospitalization, physical therapy, and resulted in significant scarring and permanent disability with a limp and pain and suffering that continues.

38. As a further direct and proximate result of the aforesaid careless, recklessness and negligence of Defendants, the Plaintiff has incurred substantial out of pocket expenses and loss of life's pleasures, such that his work hours have been hampered, his work life shortened, will require future treatment, such that he is more likely to undergo a hip replacement surgery in the future due to this injury, when he otherwise had no prior hip complaints.

**WHEREFORE**, the Plaintiff, GREGORY T. DURHAM, demands Judgment against ALL DEFENDANTS, AIRBNB, INC., 8V MD., LLC, KELLER WILLIAMS CAPITAL PROPERTIES, NATHAN JOHNSON AND CINDI JOHNSON, for damages, plus costs of suit, interest, attorney's fees, and any and all other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demands a trial by a jury on all of the triable issues of this Complaint.

DITOMASO LAW

RICHARD DITOMASO, ESQ.
Attorney for Plaintiff, Gregory T. Durham

DATED:

## CERTIFICATION OF NO OTHER ACTIONS

I hereby certify that the matter in controversy is not the subject of any other action pending in any other Court, arbitration, or administrative proceeding to the best of the Plaintiffs' knowledge or belief and no other action, arbitration or administrative proceeding is contemplated.

**DiTomaso Law**

RICHARD DITOMASO, ESQ.
Attorney for Plaintiff, Gregory T. Durham

DATED: June 11, 2024